UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEX MARQUEZ,<br><br>      Petitioner,<br> v.<br><br>E. K. McDANIEL, *et al.*,<br><br>      Respondents. | Case No. 3:15-cv-00492-MMD-VPC<br><br>ORDER |

Before the Court are the first amended petition for writ of habeas corpus (ECF No. 14), respondents' motion to dismiss (ECF No. 30), Petitioner's opposition (ECF No. 44) with an amendment (ECF No. 49), and respondents' reply (ECF No. 47). The Court grants respondents' motion in part because this action is untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the

time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418).

The petitioner effectively files a federal petition when he delivers it to prison officials in compliance with the prison's legal mail system to be forwarded to the Clerk of the Court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

After a jury trial, Petitioner was convicted in state district court of one count each of first-degree murder with the use of a deadly weapon, attempted robbery with the use of a deadly weapon, burglary with the use of a deadly weapon, battery with a deadly weapon causing substantial bodily harm, and battery with a deadly weapon. (Exh. 53 (ECF No. 34-3).)[1] The state district court entered its judgment of conviction on January 17, 2007. (*Id.*) Petitioner appealed. The Nevada Supreme Court affirmed on May 6, 2008. (Exh. 75 (ECF No. 34-25).) For the purposes of 28 U.S.C. § 2244(d)(1), the judgment of conviction became final on August 4, 2008, with the expiration of time to file a petition for a writ of certiorari.

The judgment of conviction contained an illegal sentence for burglary with the use of a deadly weapon. The state district court imposed a sentence for the crime of burglary itself and an equal and consecutive sentence for the use of a deadly weapon, under the version of NRS § 193.165 in effect at the time. (Exh. 56, at 3 (ECF No. 34-6).) However,

---

[1] The Court cites to respondents' exhibits.

2

the deadly-weapon enhancement of § 193.165 is inapplicable to burglary because the burglary statute itself provides for an enhanced sentence if a deadly weapon is involved. *See* NRS § 205.060(4). On December 10, 2008, the state district court entered a corrected judgment of conviction that removed the consecutive sentence for use of a deadly weapon in the burglary. (Exh. 77 at 3 (ECF No. 35-2).) The corrected judgment made no other changes to petitioner's sentences. The corrected judgment had no effect upon the federal one-year period of limitation under 28 U.S.C. § 2244(d)(1) because there was nothing to appeal.

On March 11, 2009, petitioner filed in state district court a post-conviction habeas corpus petition. (Exh. 82 (ECF No. 35-7).) The state district court denied the petition on January 13, 2014. (Exh. 145 (ECF No. 37-20).) Petitioner appealed. The Nevada Court of Appeals affirmed on February 24, 2015. (Exh. 175 (ECF No. 38-25).) Remittitur issued on March 24, 2015. (Exh. 176 (ECF No. 38-26).) The federal one-year period was tolled under 28 U.S.C. § 2244(d)(2) while the state habeas corpus petition was pending.

On June 4, 2009, petitioner filed a motion to correct an illegal sentence and vacate judgment. (Exh. 87 (ECF No. 35-12).) The state district court denied the motion on August 18, 2009. (Exh. 95 (ECF No. 35-20).) Petitioner appealed. The Nevada Supreme Court affirmed in part and reversed in part on May 10, 2010.[2] (Exh. 112 (ECF No. 36-18).) Remittitur issued on June 4, 2010. (Exh. 113 (ECF No. 36-19).) The illegal-sentence motion did not affect the federal one-year period because the state habeas corpus petition already was tolling that period.

---

[2]Petitioner presented two issues in the illegal-sentence motion. First, he argued that the equal and consecutive sentences imposed for the use of a deadly weapon were illegal because NRS § 193.165 was amended, while his criminal case still was open, to provide for shorter consecutive sentences. This argument failed because the Nevada Supreme Court has determined that the amendments do not apply retroactively. *See State v. District Court (Pullin)*, 188 P.3d 1079 (Nev. 2008). Second, Petitioner argued that NRS § 193.165 is inapplicable to the crime of burglary with a deadly weapon because NRS § 205.060(4) already provides for an enhanced sentence. The Nevada Supreme Court agreed with petitioner and remanded to the district court. (Exh. 112 at 2-3 (ECF No. 36-18).) However, there was nothing for the state district court to do because it had corrected the error by itself a year and a half earlier. (*See* Exh. 77 (ECF No. 35-2).)

3

Petitioner then turned to this Court. The Court appointed the Federal Public Defender provisionally to represent petitioner. (ECF No. 3.) The Federal Public Defender could not represent Petitioner because of a conflict of interest. (ECF No. 6.) The Court then appointed current counsel. (ECF No. 7.)

The parties dispute when Petitioner effectively commenced this action. Petitioner dated his original, proper-person petition June 23, 2015. (ECF No. 4, at 36.[3]) He left blank the space in the petition form for stating when he mailed the petition to the Court. The Court received the petition on September 24, 2015.

The dispute is material because it affects the timeliness of the action. Between the finality of the judgment of conviction and the filing of the state habeas corpus petition, 219 days passed. The federal one-year period then was tolled until the Nevada Supreme Court issued the remittitur, on March 24, 2015. If Petitioner mailed the petition on June 23, 2015, then 91 days passed between the remittitur and the date of effective filing, for a total of 310 non-tolled days. The action would be timely. If the date of effective filing was this Court's receipt of the petition on September 24, 2015, then 184 days passed between the remittitur and the date of effective filing, for a total of 403 non-tolled days. The action would be untimely.

Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts[4] ("Habeas Rules") states:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

---

[3]The Court uses the page numbers generated by the electronic docketing system.

[4]Respondents cite incorrectly to the version of Rule 4(c)(1) of the Federal Rules of Appellate Procedure that was in effect before December 1, 2016. This action is not an appeal, and Habeas Rule 3(d) is specifically intended for this action. However, the texts of both rules are identical.

4

1  Petitioner was incarcerated in the Ely State Prison at the time. Ely State Prison has a
2  system designed for legal mail. Respondents have provided a copy of the prison's legal
3  mail log for June, July, August, and September 2015. (Exh. 178 (ECF No. 48-2 through
4  48-9).) Based upon the declaration of the person responsible for the legal mail log, and
5  the Court's own review of the legal mail log, Petitioner did not use the prison's legal mail
6  system in those months. (*See* Exh. 177 (ECF No. 48-1).) The prison's records also show
7  that petitioner did not withdraw money from his inmate account for legal postage. (Exh.
8  179 (ECF No. 48-10), Exh. 180 (ECF No. 48-11).) Although Petitioner signed a
9  declaration in compliance with 28 U.S.C. § 1746 at the end of the petition, that declaration
10 is of no value in determining when the petition was deposited for mailing because
11 Petitioner did not complete that portion of the petition form. In short, Petitioner did not
12 comply with the prison's legal system to take advantage of the mailbox rule of Habeas
13 Rule 3(d).

14 Petitioner's arguments and supporting exhibits do not persuade the Court.
15 Petitioner provides a photocopy of an envelope used to mail a copy of his federal petition
16 to the Washoe County District Attorney.[5] The envelope sent to the Washoe County District
17 Attorney has a priority-mail label showing that it was mailed from, and postage paid at,
18 Sparks, Nevada 89431. Petitioner asks the Court to take judicial notice that Sparks is 300
19 miles from Ely, which the Court does. The Court also takes judicial notice that the nearest
20 Nevada Department of Corrections("NDOC") office to Sparks is in Carson City, well to the
21 south, and that the nearest NDOC facility of any type is transitional housing in Reno, to
22 the west. Petitioner did not mark this envelope as legal mail, and, it does not appear in
23 the prison's mail log. Petitioner does not explain how the envelope entered the postal
24 system in Sparks. Petitioner could not have done it himself, because he was in prison in
25 Ely. More importantly, Petitioner does not explain how the postage was paid in Sparks.
26 Petitioner could not have paid the postage himself, because his account statement shows

---

[5] The envelope could not be delivered because something was wrong with the address.

5

1  no withdrawals for postage. The United States Postal Service would not have paid the
2  postage on its own. It would have returned the mail to Petitioner. The NDOC would not
3  have paid the postage on its own. Even if an NDOC employee noticed that the envelope
4  somehow had ended up in NDOC's office instead of in the mail, that employee would
5  have mailed it from Carson City, not Sparks. There is no way that the envelope in question
6  could have been mailed from Sparks if Petitioner used the prison's legal mail system.
7  Petitioner implies that the petition mailed to this Court must have gone through the same
8  path, but that argument works against him because it only cements the Court's conclusion
9  that Petitioner did not use the prison's legal mail system to mail the petition to this Court.

10  Petitioner also has provided a photocopy of an envelope that he sent in September
11 2016 to his current attorney. Again, Petitioner did not mark the envelope as legal mail.
12 The envelope also had postage stamps applied to it. The cancellation marks on the
13 stamps and the priority-mail label both show that the envelope was posted in Ely.  An item
14 that Petitioner mailed in 2016 is not very informative about an item that Petitioner mailed
15 in 2015. To the extent that the Court can gain any information from this envelope, it is that
16 when Petitioner hands mail to prison officials in Ely, then the mail is posted in Ely.

17  The Court concludes that there is no proof that Petitioner used the prison's legal
18 mail system or that Petitioner mailed the petition to this Court on June 23, 2015. The
19 Court uses the date of receipt of the petition, September 24, 2015, as the date of
20 commencement of this action. That makes the action untimely.

21  Petitioner states that the Court should apply equitable tolling. However, Petitioner
22 does not make any showing of the factors required under *Holland v. Florida* to justify
23 equitable tolling. The Court will not apply equitable tolling.

24  Reasonable jurists might find the Court's conclusion to be debatable, and the Court
25 will issue a certificate of appealability on this issue.

26  Respondents present two other arguments in the motion to dismiss. First,
27 respondents argue that grounds 11 and 12 do not present claims that are cognizable in
28 federal habeas corpus. Second, respondents argue that petitioner has not exhausted his

state-court remedies for grounds 1, 2, 3, 4, 5, 7, 10, 11, and 12. The Court will not address these arguments because the Court is dismissing the action.

It is therefore ordered that respondents' motion to dismiss (ECF No. 30) is granted in part. This action is dismissed with prejudice as untimely. The Clerk of the Court will enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is granted on whether the Court is correct in its determination that this action is untimely.

DATED THIS 17th day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE