UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALEX MARQUEZ,

Petitioner,

v.

E.K. MCDANIEL, *et al.*,

Respondents.

Case No. 3:15-cv-00492-MMD-CLB

ORDER

## I.   SUMMARY

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Alex Marquez. Before the Court is Respondents' motion to dismiss ("Motion") (ECF No. 69) the first amended petition ("Amended Petition") (ECF No. 14).  The Court has reviewed Petitioner's opposition (ECF No. 73) and Respondents' reply (ECF No. 76). For the reasons discussed below, the Court grants Motion in part and denies the Motion in part.

## II.   BACKGROUND

After a jury trial, Petitioner was convicted in state district court of one count each of first-degree murder with the use of a deadly weapon, attempted robbery with the use of a deadly weapon, burglary with the use of a deadly weapon, battery with a deadly weapon causing substantial bodily harm, and battery with a deadly weapon. (ECF No. 34-3.) Petitioner appealed. The Nevada Supreme Court affirmed on May 6, 2008. (ECF No. 34-25.)

The judgment of conviction contained an illegal sentence for burglary with the use of a deadly weapon. The state district court imposed a sentence for the crime of burglary itself and an equal and consecutive sentence for the use of a deadly weapon, under the version of NRS § 193.165 in effect at the time. (ECF No. 34-6 at 2–3.) However, the

deadly-weapon enhancement of § 193.165 is inapplicable to burglary because the burglary statute itself provides for an enhanced sentence if a deadly weapon is involved. *See* NRS § 205.060(4). On December 10, 2008, the state district court entered a corrected judgment of conviction that removed the consecutive sentence for use of a deadly weapon in the burglary. (ECF No. 35-2 at 3.)

On March 11, 2009, Petitioner filed in state district court a post-conviction habeas corpus petition. (ECF No. 35-7.) The state district court denied the petition on January 13, 2014. (ECF No. 37-20.) Petitioner appealed. The Nevada Court of Appeals affirmed on February 24, 2015. (ECF No. 38-25.)

On June 4, 2009, Petitioner filed a motion to correct an illegal sentence and vacate judgment. (ECF No. 35-12.) The state district court denied the motion on August 18, 2009. (ECF No. 35-20.) Petitioner appealed. The Nevada Supreme Court affirmed in part and reversed in part on May 10, 2010.[2] (ECF No. 36-18.)

Petitioner then turned to this Court. The Court appointed the Federal Public Defender provisionally to represent Petitioner. (ECF No. 3.) The Federal Public Defender could not represent Petitioner because of a conflict of interest. (ECF No. 6.) The Court then appointed current counsel. (ECF No. 7.)

Petitioner filed the Amended Petition on May 20, 2016. (ECF No. 14.) Respondents filed their first motion to dismiss on July 21, 2016. (ECF No. 30.) The Court granted the motion, finding that the Amended Petition was untimely. (ECF No. 50.) Petitioner appealed. The court of appeals reversed and remanded, finding under the subsequently

---

[2]Petitioner presented two issues in the illegal-sentence motion. First, he argued that the equal and consecutive sentences imposed for the use of a deadly weapon were illegal because NRS § 193.165 was amended, while his criminal case still was open, to provide for shorter consecutive sentences. This argument failed because the Nevada Supreme Court has determined that the amendments do not apply retroactively. *See State v. District Court (Pullin)*, 188 P.3d 1079 (Nev. 2008). Second, Petitioner argued that NRS § 193.165 is inapplicable to the crime of burglary with a deadly weapon because NRS § 205.060(4) already provides for an enhanced sentence. The Nevada Supreme Court agreed with Petitioner and remanded to the district court. (ECF No. 36-18 at 2–3.) However, there was nothing for the state district court to do because it had corrected the error by itself a year and a half earlier. *See* (ECF No. 35-2.)

2

decided *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017), and *Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017), that the Amended Petition was timely. Following remand, Respondents then filed the Motion primarily raising exhaustion. (ECF No. 69.)

## III.    LEGAL STANDARD

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

## IV.    DISCUSSION

### A.    EXHAUSTION OF STATE-COURT REMEDIES

#### 1.    Ground 1 is not exhausted in part

In ground 1, Petitioner alleges that the state district court improperly admitted Petitioner's statement to the police, which was given in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). (ECF No. 14 at 17.) Petitioner claims that this error violated the self-incrimination, fair trial, equal protection, and due process guarantees under the Fifth, Sixth,

and Fourteenth Amendments. (*Id.*) Respondents correctly note that Petitioner mentioned only *Miranda* and the privilege against self-incrimination in his opening brief on direct appeal. (ECF No. 76 at 3, ECF No. 34-19 at 13–16.) To the extent that in federal ground 1 Petitioner alleges violations of other rights, it is not exhausted.

### 2. Ground 2 is exhausted

In ground 2, Petitioner alleges that the trial court failed to sever Petitioner's trial from the trial of his co-defendants, and that trial counsel failed to move to sever Petitioner's trial from the trial of his co-defendants. (ECF No. 14 at 19.) Petitioner claims that these errors violated his equal protection, effective assistance of counsel, due process of law, and fair trial guarantees under the Fifth, Sixth, and Fourteenth Amendments. (*Id.*) Respondents argue that Petitioner did not present the equal-protection claim to the state courts. (ECF No. 69 at 7.) This Court disagrees. In the heading of the corresponding ground presented on appeal from the denial of his state post-conviction habeas corpus petition, Petitioner specifically stated "Equal Protection of the Laws." (ECF No. 38-12 at 19.) That mere mention is enough to satisfy the exhaustion requirement. Ground 2 is exhausted

### 3. Ground 3 is partially unexhausted

Ground 3 is a claim that the state district court did not question Petitioner about intimidation by co-defendants that effectively denied Petitioner the right to testify on his own behalf at trial. (ECF No. 14 at 21.) Petitioner claims that this error violated his equal protection, due process of law, and fair trial guarantees under the Fifth, Sixth, and Fourteenth Amendments. (*Id.*) Respondents note correctly that in the opening brief on direct appeal Petitioner alleged only violations of the Fifth Amendment and the due process clause of the Fourteenth Amendment. (ECF No. 69 at 7, ECF No. 34-19 at 26–28.) Petitioner did not allege an equal protection violation or a Sixth Amendment violation. Consequently, ground 3 is partially unexhausted.

### 4. Ground 4 is unexhausted

Ground 4 is a claim that the prosecution withdrew the availability of a plea

agreement after Petitioner accepted it. (ECF No. 14 at 22.) In the Amended Petition, Petitioner alleges violations of the Fifth, Sixth, and Fourteenth Amendments. (*Id.*) On direct appeal, Petitioner did not allege a violation of any federal constitutional right. (ECF No. 34-19 at 28–32). Ground 4 is not exhausted.

### 5. Ground 5 is unexhausted

In ground 5, Petitioner claims that trial counsel provided ineffective assistance because, after the report of co-defendants intimidating Petitioner, trial counsel failed to request further hearings or otherwise object to the trial court's failure to inquire further into the effect of the intimidation on Petitioner's decision not to testify. (ECF No. 14 at 23.) Respondents correctly note that Petitioner presented no such claim in the state courts. (ECF No. 69 at 8.) The closest that Petitioner came to such a claim was in his argument on post-conviction appeal that the trial court failed to sever Petitioner's trial from that of his co-defendants and that trial counsel failed to move for severance. In that argument, Petitioner noted that some of the defense attorneys and the state district court's bailiff witnessed a verbal altercation among the defendants about testifying. (ECF No. 38-12 at 24.) However, Petitioner did not make a separate claim that trial counsel failed to seek further inquiry into that altercation. Ground 5 is not exhausted.

### 6. Ground 7 is partially unexhausted

Ground 7 is a claim that trial counsel failed to request mitigation instructions at sentencing, failed to object to instructions relating to aiding-and-abetting and conspiracy, failed to object to instructions relating to the enhancement for the use of a deadly weapon, failed to object to the instructions relating to burglary with the use of a deadly weapon, failed to object or move for dismissal of the counts of attempted robbery, burglary, and lesser-included charges, and failed to object to the use of the general verdict form so that the jury would clarify whether its verdict was based upon the theory of aiding-and-abetting or the theory or conspiracy. (ECF No. 14 at 26–27.) Respondents delineate those six failures to object as (a) through (f). (ECF No. 69 at 8.) Petitioner objects to that treatment,

arguing that he merely has provided examples of ineffective assistance by trial counsel. (ECF No. 73 at 11.) Nonetheless, Respondents are correct.

On appeal from the denial of the state post-conviction petition, Petitioner did not raise any claim of ineffective assistance of trial counsel other than the failure to request mitigation instructions at sentencing. (ECF No. 38-12 at 26–28.) The five additional failures to object that Petitioner adds now to ground 7 fundamentally alter the claim, making ground 7 partially unexhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

### 7.  Ground 10 is not exhausted

Ground 10 contains claims of ineffective assistance of appellate counsel. (ECF No. 14 at 30–31.) Respondents note correctly that Petitioner raised no claims of ineffective assistance of appellate counsel in his state post-conviction proceedings. (ECF No. 69 at 9.) Ground 10 is completely unexhausted.

### 8.  Ground 11 is unexhausted

Ground 11 is a claim that the cumulative effect of the errors in grounds 1 through 10 warrant relief. (ECF No. 14 at 32.) Petitioner raised a claim of cumulative error in his appeal from the denial of his state post-conviction petition. (ECF No. 38-12 at 29–30.) However, that claim of cumulative error referred only to the other claims presented in that appeal: (1) trial counsel failed to move to suppress Petitioner's statement to the police for inadequate *Miranda* warnings; (2) the joinder of Petitioner's trial with that of his co-defendants unfairly prejudiced Petitioner, in violation of fair trial, due process of law, equal protection, and reliable sentence guarantees under the Fifth, Sixth, Eighth, and Fourteenth Amendments; (3) the sentence was unfairly prejudiced by improper victim impact testimony, and ineffective assistance of counsel unfairly prejudiced Petitioner's sentencing, in violation of the due process of law, equal protection, and reliable sentence guarantees under the Fifth, Sixth, Eighth, and Fourteenth Amendments. (ECF No. 38-12.)

Petitioner did not present a cumulative-error claim on direct appeal. Consequently, ground 11 is not exhausted to the extent that it tries to include the direct-appeal claims. As noted above, some grounds in the federal petition are completely unexhausted, and

6

other grounds are partially unexhausted. Ground 11 is not exhausted to the extent that it tries to include those claims. The Court cannot parse through individual claims to determine what can be part of the cumulative-error claim that was presented to the state courts. Instead, the Court finds that ground 11 is unexhausted.

### 9. Ground 12 is exhausted

Ground 12 is a claim that insufficient evidence supports Petitioner's conviction. (ECF No. 14 at 32.) Petitioner cites 28 U.S.C. § 2254(f). Respondent argues that ground 12 is not exhausted because Petitioner did not cite § 2254(f) in state-court proceedings. (ECF No. 69 at 9.) However, § 2254(f) only describes the duties of the parties when a petitioner makes a claim of insufficient evidence. Petitioner did raise a claim of insufficient evidence on direct appeal. (ECF No. 34-19 at 22–24.) Respondents do not argue that Petitioner has not exhausted any other part of ground 12. The Court finds that ground 12 is exhausted.

### 10. Petitioner's arguments

Petitioner argues that if the Court finds that he has not exhausted some grounds, then the Court should stay the action under *Rhines v. Weber*, 544 U.S. 269, 277 (2005). (ECF No. 73 at 16.) The Court prefers to consider this argument in a separate motion, if Petitioner chooses to raise it. *See* LR IC2–2(b).

Additionally, Petitioner's reliance on abrogated authority might affect his decision whether to seek a stay. In his argument regarding ground 10, the claims of ineffective assistance of appellate counsel, Petitioner argues that the Court should deem the ground technically exhausted because the state courts would apply state-law procedural bars if he returned to state court. This, in turn, would mean that ground 10 is procedurally defaulted in this Court. Then, Petitioner argues, he can overcome that procedural default because the ineffective assistance of post-conviction counsel can excuse the procedural default of claims of ineffective assistance of appellate counsel. (ECF No. 73 at 12–13 (citing, inter alia, *Martinez v. Ryan*, 566 U.S. 1 (2012); *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013).) However, the Supreme Court has since ruled that the ineffective

assistance of post-conviction counsel cannot be cause to excuse the procedural default of a claim of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058 (2017).

Finally, Petitioner appears to have confused the rules for exhaustion and timeliness. Multiple times, Petitioner argues that a claim is exhausted because it shares a common core of operative fact with a claim on direct appeal or in the state post-conviction proceeding. (*See*, *e.g.*, ECF No. 73 at 6, 7, 8, 9.) For the purposes of the one-year period of limitation of 28 U.S.C. § 2244(d)(1), a claim in an amended petition relates back to a claim in an earlier filed *federal* petition if the two petitions "state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). However, as noted above exhaustion requires the petitioner to present both the operative facts *and* the legal theory of a claim to the *state* courts before the *federal* court can consider the claim. It is not enough simply to present the same operative facts to exhaust a claim.

## B.     CLEARLY ESTABLISHED LAW REGARDING GROUND 11

Respondents argue that the Court should dismiss ground 11, the claim of cumulative error, because the Supreme Court of the United States had not clearly established the existence of that claim. (ECF No. 69 at 10.) The Court rejects this argument for two reasons. First, this is a question on the merits under 28 U.S.C. § 2254(d)(1) that the parties should litigate on the merits. Second, the court of appeals for this circuit has held that the Supreme Court has clearly established that a claim of cumulative error exists, and that is binding precedent upon this Court. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007).

## C.     GROUND 12 STATES A COGNIZABLE CLAIM

Respondents argue that Petitioner has not stated a cognizable claim for ground 12 because he does not cite any provision of federal law except 28 U.S.C. § 2254(f), which does not provide for an independent cause of action. (ECF No. 69 at 11.) As the Court has noted above, § 2254(f) describes the duties of the parties when a petitioner makes a claim of insufficient evidence. To that extent, Respondents are correct. However, the Court

and the parties are well aware of the federal law governing a claim of insufficient evidence. Ground 12 is cognizable, and the lack of a citation to federal law should not prevent Respondents from responding to the claim in ground 12.

## V.    CONCLUSION

The first amended petition (ECF No. 14) is mixed. Petitioner has not exhausted his state-court remedies for parts of grounds 1, 3, and 7. Petitioner has not exhausted his state-court remedies for all of grounds 4, 5, 10, and 11. The Amended Petition thus is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

It therefore is ordered that Respondents' motion to dismiss (ECF No. 69) is granted in part with respect to the aforementioned unexhausted grounds. The motion to dismiss is denied in part with respect to all other contentions.

It further is ordered that Petitioner will have 30 days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of the aforementioned grounds, or for other appropriate relief. Within 10 days of filing such motion, Petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 3rd day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

9